355 So.2d 1362 (1978)
Brooklyn Bailey HAYDEN and Mrs. Mayme Belle Sanders Hayden
v.
Peter TORRENCE and Cumis Insurance Society, Inc.
No. 11793.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
Rehearing Denied March 20, 1978.
Writ Refused May 5, 1978.
*1363 Paul H. Due, Baton Rouge, Joseph H. Simpson, Amite, for Brooklyn B. Hayden, plaintiff-appellee.
Joseph A. Sims, Jr., Hammond, for Peter Torrence, defendant.
Frank M. Coates, Jr., Baton Rouge, for Cumis Ins. Society, defendant-appellant.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an action ex delicto filed by Brooklyn Bailey Hayden and his wife, Mrs. Mayme Belle Sanders Hayden against Peter Torrence and Cumis Insurance Society, Inc. (Cumis), insurer of plaintiffs under the uninsured motorist (UM) portion of their policy. Cumis filed a third party demand against Torrence. From a judgment in favor of plaintiffs against both defendants on the merits, in favor of Cumis against Torrence on the third party demand, and in favor of plaintiffs against Cumis awarding penalties and attorney's fees, Cumis has appealed.
This suit arises out of a truck-motorcycle accident on January 6, 1976. The truck owned and operated by Torrence made a left turn into the path of a motorcycle owned and operated by Richard Luther Hayden, the 21 year old unmarried son of plaintiffs. Richard Hayden was killed as a result of this accident. Liability is not an issue on appeal.
In appealing, Cumis argues the Trial Court erred:
(1) in finding coverage because coverage was specifically excluded under the terms of the policy and LSA-R.S. 22:1406D does not apply,
(2) in imposing penalties and attorney's fees,
(3) in that the amount of the attorney's fees assessed was unreasonable under the circumstances, and
(4) in that the mathematical computation of attorney's fees and penalties was in error.

ERROR NO. 1
The decedent was killed while riding a motorcycle owned by him, but not listed as an insured vehicle under the policy in question. The policy[1] was issued to Brooklyn B. Hayden as the named insured with a pickup truck and two automobiles listed as "owned automobiles" on the policy. Whether the decedent was or was not an insured under the policy is not contested.
The policy in part provides: "Exclusions: This policy does not apply:
* * * * * *
"Under the Uninsured Motorist Coverage,
* * * * * *
"(p) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the name insured or by any person resident in the same household who is related to the name insured by blood, marriage or adoption, or through being struck by such a vehicle; * * *."
*1364 In Thomas v. Nelson, 295 So.2d 847 (La. App. 1st Cir. 1974), writ refused 299 So.2d 791 (La.1974), this Court held such a clause in an insurance contract null and void.
Defendant-appellant argues that Act 154 of 1974, Regular Session, amended LSA-R.S. 22:1406D, thus Thomas v. Nelson, supra, is no longer controlling, and such a clause is not in derogation of the statute.
As amended by Act 154 of 1974, LSA-R.S. 22:1406D(1) reads as follows:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits."
It is argued that since "the coverage required * * * shall not be applicable where any insured * * * selects lower limits", as done here, this exclusionary clause is permissible. It is further argued by appellant that under LSA-R.S. 22:1406D as amended by Act 494 of 1975, Regular Session, it is obvious that the word "coverage" was intended to include all risks covered by the policy as well as the limits of liability in dollars. We note, however, that Act 494 of 1975 had an effective date subsequent to the effective date of the insurance policy, thus Act 494 is not controlling.
The function of the Court in interpreting a statute is to ascertain the intention of the legislature and to give effect to the true legislative intent; regardless of how broad and comprehensive may be the language employed. Bonnette v. Karst, 261 La. 850, 261 So.2d 589 (1972); In re Hibernia Bank & Trust Co., 185 La. 448, 169 So. 464 (1936); Anderson v. West, 354 So.2d 636 (La.App. 1st Cir. 1977).
In Anderson v. West, supra, we traced the historical development of LSA-R.S. 22:1406D(1) from its original enactment as Act 187 of 1962, Regular Session. Originally coverage had to be provided in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, with rejection possible by the insured. In 1972 the legislature amended this section to allow the insured to actively increase the dollar amount of the UM coverage to not more than his liability coverage. Then in 1974, without the need for the insured to do anything, UM coverage was mandated to be written at the liability level. It is obvious that not all insureds would want this much UM coverage; therefore, the legislature provided that the insured could actively select a lower limit. We can read nothing more into LSA-R.S. 22:1406D(1) as amended in 1974 than an encouragement by the legislature that insureds obtain UM coverage in a greater dollar amount than the Motor Vehicle Safety Responsibility Law of Louisiana. The conclusion, as suggested by Appellant, cannot be reached since we find that in allowing a selection of lower limits of coverage, the legislature did not intend to include "all risks" covered by the policy within the terminology "lower limits", but only the "dollar limit".
Though defendant-appellant has not raised the issue of stacking in this appeal, we note in the record that the issue was raised, and merely note that this Court has recently interpreted Act 154 of 1974 as not prohibiting stacking. See Anderson v. West, supra.

ERROR NO. 2
In determining that penalties and attorney's fees were due and owing, the
*1365 Trial Judge in his written reasons for judgment said:
"The Court further finds and holds that defendant Cumis must be taxed with penalties and attorneys fees for its arbitrary failure and refusal to tender at any time at least the Ten Thousand ($10,000) Dollars of uninsured motorist coverage which it clearly owed to plaintiffs. Any cursory examination and investigation into this accident would show that this was clearly a case of liability on the part of the uninsured motorist (and hence also on the uninsured motorist carrier, defendant Cumis) and that the quantum clearly greatly exceeded the Ten Thousand ($10,000) Dollars of uninsured motorist coverage which at a minimum had to be owed by said defendant. Defendant had no justifiable basis whatsoever for feeling that it would not legally be held liable for at least Ten Thousand ($10,000) Dollars of uninsured motorist coverage, and yet at no time did defendant tender such sum to plaintiffs.
Plaintiff-appellee contends that defendant-appellant had no justification for relying on its "exclusion of coverage argument" in view of the clear precedent established by this Court expressly to the contrary in Thomas v. Nelson, supra.
We disagree. Thomas v. Nelson, supra, was rendered prior to the enactment by the legislature of Act 154 of 1974, Regular Session, and thus since this Act amending LSA-R.S. 22:1406D had never been judicially interpreted by an appellate court of this state, a serious dispute existed as to its final interpretation. Therefore, we find that the Trial Judge was in error in awarding penalties and attorney's fees.
Since we have determined that penalties and attorney's fees are not due, there is no need to discuss assignments of errors numbers 3 and 4.
Therefore, for the above and foregoing reasons the judgment of the Trial Court insofar as it awarded penalties and attorney's fees is reversed, and in all other respects the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by defendant-appellant.
REVERSED IN PART AND AFFIRMED IN PART.
PONDER, J., dissented in part and concurred in part and assigned written reasons and dissents from the refusal of rehearing.
PONDER, Judge.
I dissent in part and concur in part.
I differ with my brothers in the effect to be given to the clause of the statute:
". . . provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits."
The majority opinion reaches the conclusion that the insured may select a lower limit and still have applied all the requirements of the statute. This is done by looking to what they believe the intent of the legislature was.
We are under the necessity of applying the letter of the law if it be clear and free from all ambiguity.[1] I do not find the ambiguity that would allow us to pursue the spirit. It is possible that the legislature intended only to allow an increased amount of coverage and to allow the insured to elect less than that amount but the wording the legislature employed means to me that the requirements of LSA-R.S. 22:1406D do not apply when the insured does so elect.
As I attempted to point out in my concurring opinion in Anderson v. West, supra, I believe that the "stacking" of uninsured motorist insurance has been required by the terms of LSA-R.S. 22:1406D. In a like manner Thomas v. Nelson, supra, was grounded on the conclusion that an allowance of the exclusionary clause would be a violation of the statute.
*1366 As I read the statute, when the insured chose a lower limit than that set by the statute, as he had a right to do, there existed no prohibition against the exclusion here involved or against the provision that would prevent "stacking".
In the absence of a statutory prohibition or a clear finding of being contra bonos mores[2] the courts should apply the terms of the policy.
I would therefore find valid these provisions of the policy.
Since I would not allow recovery I certainly agree that there should be no penalties or attorney's fees.
NOTES
[1] The policy period was from July 29, 1975 to January 29, 1976.
[1] LSA-C.C. Art. 13

"When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit."
[2] In Seaton v. Kelly, La., 339 So.2d 731, the Supreme Court found unoffending a limitation of coverage.