SCHOTT, Judge.
Plaintiff’s husband was an employee of the City of New Orleans and a subscriber to the group insurance contract issued by defendant to the City. Plaintiff was covered under the policy as a dependent. From May 30 to June 17, 1977, plaintiff was hospitalized and incurred billing of $1254.41 as a result. Claim was made for this amount against defendant but it refused to pay because of an exclusion in the policy with respect to hospitalization for mental or nervous disorders.
There is no dispute as to the facts that plaintiff’s hospitalization was incurred because of a mental or nervous disorder and that the policy contains the exclusion. The *735 issue arises out of the following provisions of LSA-R.S. 22:213.2:
“A. Every insurer authorized to issue policies of health and accident insurance in [the] state shall offer to all prospective group, blanket, and franchise policyholders at their option a provision in the insurer’s health and accident insurance policies which shall state that benefits shall be payable for services rendered for the treatment of mental and/or nervous disorders, under the same circumstances, conditions, limitations, and exclusions as benefits are paid under those policies for all other diagnoses, illness, or accidents;
The trial court awarded plaintiff the amount she claimed with legal interest from date of judicial demand and costs. Defendant filed a request pursuant to C.C.P. Art. 1917 for written findings of fact and reasons for judgment, but the trial judge failed to comply with this request. In any event, since his attention was directed to the cited statute, he necessarily found that no offer was made for benefits with respect to mental or nervous disorders under the same conditions as the other benefits were payable and this provided a basis for the award to plaintiff of the amount she claimed. Defendant appealed and plaintiff answered the appeal, seeking penalties and attorney’s fees under R.S. 22:657.
At the trial the employee of the City who administers the group policy testified as well as the defendant’s representative who worked with the City. From this testimony defendant attempted to prove that an offer was made to the City to include the coverage, but the trial judge was apparently convinced that no such offer was made. Without a doubt defendant made a written offer to include coverage for mental or nervous disorders but the benefits would amount to only 50% of the cost of the services, whereas benefits for covered services were 80% of the charges. After defendant’s representative testified that a verbal offer was made to the City for the coverage required under the statute the trial judge commented flatly that he was not going to give any weight to this testimony and made a spontaneous credibility call against defendant. Thus, we are convinced that the trial judge correctly found that defendant did not comply with the statute. This determination renders moot the proposition advanced by plaintiff that her contract with the defendant was independent of the group policy and the offer to provide such coverage had to be made to her, even if properly made to the representative of the City.
The parties have raised a number of important legal issues in the case. Defendant contends that plaintiff is not entitled to the amount she claims even if it did not comply with the statute because this would amount to a reformation of the contract and afford a remedy to plaintiff which the legislature did not contemplate. On the other hand, plaintiff relies on statutory and jurisprudential authority to support the result. Finally, plaintiff contends that she is entitled to the penalties and attorney’s fees under the facts of this case and the law based upon defendant’s arbitrary refusal to pay her claim.
However, none of these issues need be addressed considering the decision of the Supreme Court in Tabb v. Louisiana Health Services and Indemnity Co., 361 So.2d 862 (La.1978). In that case the court held that a policy like the one sued on in the instant case is not a health and accident insurance policy as defined by R.S. 22:6(2). That being so, R.S. 22:213.2, which specifically has to do with health and accident insurance, has no application to the policy sued on. Plaintiff’s argument that the court erred in the Tabb decision seems meritorious, especially considering that R.S. 22:6{2)’s concluding catchall phrase “and every insurance appertaining thereto.” However, while we disagree with the court’s decision in the Tabb case we are controlled by that decision and must reach the result that R.S. 22:213.2 has no application to the policy involved in this case.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendant, Louisiana *736 Health Service & Indemnity Company, and against plaintiff, Sandra Mutine Rudloff, dismissing her suit at her cost.
REVERSED AND RENDERED.
LEMMON, J., concurs with written reasons.