406 So.2d 632 (1981)
Rita M. CARR
v.
PORT SHIP SERVICE, INC., the Manhattan Life Ins. Company of New York, and the National Life & Accident Ins. Company.
No. 11710.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1981.
Rehearing Denied December 18, 1981.
Joseph S. Russo, Jefferson, for Rita M. Carr, plaintiff-appellee-appellant.
Charles R. Maloney, New Orleans, for Port Ship Service Inc., defendant-appellant-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, R. Patrick Vance, New Orleans, for Manhattan Life Ins. Co. of New York, defendant-appellee.
Christopher E. Lawler, Metairie, for The National Life & Acc. Ins. Co., defendant-appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
SAMUEL, Judge.
Following the death of her husband, plaintiff instituted this suit for $25,000 allegedly due her on two group life insurance policies on which she was the named beneficiary and for penalty interest and attorney's *633 fees. Named defendants are decedent's employer, Port Ship Service, Inc., National Life and Accident Insurance Company, and Manhattan Life Insurance Company.
Following trial, judgment was rendered against the employer for $20,000, and in favor of the two insurers, dismissing plaintiff's claims as to them. Port Ship, the employer, has appealed. Plaintiff also has appealed from that part of the judgment releasing the insurers, and has answered the appeal of Port Ship praying for penalties and attorney's fees against that appellant.
The record reflects the following:
Marcus Carr, the insured, was a full-time employee of Port Ship at the time of his death on July 21, 1976. During a period of that employment he had been covered by two group life insurance policies, the premiums of which were paid in full by the employer. One, a $20,000 policy purchased in 1971 or 1972 from Manhattan Life, was still in effect as a group policy at the time of his death, and the other, a $5,000 policy purchased from National Life in 1973, was cancelled in 1974.[1] Following Carr's death, plaintiff made prompt demand for payment of both policies. Payment was refused on the ground that the policies had terminated prior to decedent's death, i.e., the entire National Life policy and the Manhattan Life policy insofar as decedent was concerned.
The $20,000 Manhattan Life policy, still in effect at Carr's death, had been terminated as to him when the employer, on its April 1, 1975 quarterly report to the insurer, stated Carr had been terminated as an employee on January 28, 1975. The employer then received a refund of premiums paid on Carr retroactive to the termination date. Although Carr worked for the employer thereafter, the latter never reinstated him as an employee on the policy.
The trial court found decedent had no right in the $5,000 National Life policy because it had terminated in 1974 and notice was immaterial because conversion rights were not available to the insured. As to the $20,000 Manhattan Life policy, he found decedent erroneously was removed from this policy by his employer, which thus became a self insurer for the full amount of $20,000.
In this court Port Ship, the employer, contends it justifiably terminated decedent's Manhattan Life insurance because of his erratic work history, and thus the judgment against it should be reversed. In support of this contention it introduced the testimony of its vice president, Bernard Gunther, Jr., together with decedent's time sheets and payroll records.
The Manhattan Life policy provided coverage only for full time workers. However, a former employee could be reinstated after he had been re-employed full time for a period of six months. Decedent had been carried as a full time employee since the inception of the policy (in 1971 or 1972) until April 1, 1975, when, on its quarterly report to the insurer, Port Ship requested termination of decedent's policy retroactive to January 28, 1975. This was effected by the insurer, and Port Ship received a refund therefor. The reason for termination was that plaintiff was off work from January 28 to February 25, 1975, although he had returned at that time and was working full time up to April 1 (when his insurance was terminated) and beyond, until July 7, 1975. He did not return to work thereafter until August 5, 1975, at which time he worked until August 25, 1975. Thereafter, he did not report to work for several months, returning in December, 1975. He worked from that last date until his death in July, 1976.
Gunther's testimony was contradictory to some extent. At one point he stated plaintiff had not been a full time employee long enough to be reinstated, and at another point he admitted plaintiff had been working long enough, but had failed to sign any reinstatement papers. According to Gunther, *634 plaintiff was notified of his policy termination by means of a conversation slip every time he was terminated, and he was terminated every time he did not show up for work, even if he was sick and failed to call in.
As we have said, the trial court found decedent was a full time employee in 1976 and the employer had improperly terminated his insurance. This is a factual conclusion which was supported by substantial evidence and we find no error in that finding.
In this court plaintiff appellant contends: (1) She is entitled to judgment in solido against the two insurers; and (2) she also is entitled to penalties and attorney's fees.
Her first contention is based upon the argument that all of the defendants failed in their duty to notify her husband of termination of the policies. It is conceded the insurers did not notify decedent. The employer insists it fulfilled that duty.
Insofar as the National Life policy is concerned, as we have stated previously, it was cancelled in 1974 (by proper notification to the employer) for non-payment of premiums and at the request of the employer (following notice of the proposed cancellation) to terminate the policy.
As stated in Watkins v. Metropolitan Life Ins. Co., La.App., 174 So. 884, at page 888:
"It appears to be rather well settled in the jurisprudence throughout the country that in a policy of group insurance, the contract is one between the insurance company and the employer, and that the insured employee is only incidentally a party thereto. Especially is this so in cases where the premium is paid entirely by the employer, who then is at liberty to cancel the policy of his own volition and thereby terminate the rights of the employee or his beneficiary under the certificate which he holds. Austin v. Metropolitan Life Insurance Co., 142 So. 337, is a decision of one of our appellate courts in Louisiana which holds to that effect." (Emphasis ours).
The trial court held that notice was immaterial under the National Life policy because the policy had not been in effect for five years, and thus no conversion privilege was available to decedent.[2] Accordingly, he found no liability on the part of National Life. We agree with this finding and with the applicability of the above quotation from Watkins.
As to liability under the Manhattan Life policy, the record discloses this insurer provided the group Master Policy Holder (i.e., the employer) with insurance pamphlets and termination forms with conversion rights to be distributed to any terminated employees. The employer could contact the insurer for additional supplies. Gunther testified this form was given to decedent each time he was terminated.
Whether or not the decedent was notified is a question of fact. The trial court must have found he was not, and in view of all of the evidence in the record, we cannot say he was erroneous in so finding.
We agree with the trial court's conclusion that the fault lies with Port Ship in terminating and then not reinstating decedent's policy with Manhattan Life when, in fact, he was an employee, and thus should have been an insured under that policy. But it is difficult for us to understand how Manhattan Life could be held responsible for the actions of the employer over which it had no control and concerning which it had neither knowledge nor any reasonable means of acquiring such knowledge. However, we are required to follow the Supreme Court cases of Neider v. Continental Assur. Co., 213 La. 621, 35 So.2d 237, and Tabb v. La. Health Services & Indem. Co., La., 361 So.2d 862, which hold that the employer is considered the agent of the insurer and an employer's omission of such insurance-related *635 duty owed to the employee is attributable to the insurer.[3]
Finally, we consider the question of the penalties and attorney's fees claimed by plaintiff. Since she has appealed and answered Port Ship's appeal, the entire matter regarding penalties and attorney's fees (as against all defendants) is before us.[4]
Plaintiff has referred us to LSA-R.S. 22:656 and 657, and LSA-R.S. 23:640 as authority for those penalties and attorney's fees. Only R.S. 22:656 is applicable here. That statute is concerned with life insurance policies, and the other two statutes are not. Revised Statute 22:657 is concerned with health and accident policies, and R.S. 23:640 is under the Title "Labor and Workmen's Compensation", and is concerned with fringe benefits under collective bargaining agreements.
At the time this suit was instituted [1977][5] the applicable law was as follows:
"All death claims arising under policies of insurance issued or delivered within this state shall be settled by the insurer within sixty days from the date of receipt of due proof of death and should the insurer fail to do so without just cause, then the amount due shall bear interest at the rate of six per cent per annum from date of receipt of due proof of death by the insurer until paid." (Emphasis ours).
It is to be noted the penalty provided refers only to interest; it does not include attorney's fees.
Our jurisprudence is that where the insurer has a reasonable ground to believe its defense is valid its refusal to pay a claim is not considered "without just cause" subjecting it to penalties, even though subsequently that defense is not upheld by the court.[6]
We do not award penalties for two reasons: (1) We find sufficient "just cause" to permit Manhattan Life to litigate the issue of its liability (litigation in which it originally was successful); and (2) the record is devoid of any evidence of the date of receipt of due proof of death by the insurer (or, for that matter, by the employer), proof of that date being essential because the 6% penalty interest provided by R.S. 22:656 cannot begin to run until that date is established.
For the reasons assigned, the judgment appealed from is affirmed in part and reversed in part, and it is now ordered that there be judgment in favor of plaintiff, Rita M. Carr, and against defendant, Manhattan Life Insurance Company, in the full sum of $20,000, such liability being in solido with Port Ship Service, Inc. In all other respects, the judgment appealed from is affirmed. All costs in both courts are to be paid by Manhattan Life Insurance Company and Port Ship Service, Inc.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] The insurer issued a notice of cancellation for non-payment of premium (presumably for the 1974-1975 term) and the employer responded requesting cancellation of the policy.
[2] On this question the instant case is distinguishable from Neider v. Continental Assur. Co., 213 La. 621, 35 So.2d 237, mentioned later in this opinion. In Neider the employee contributed toward the premium and was entitled to do so even when he had no earnings from which such contributions ordinarily were deducted.
[3] Richard v. Am. Federation of Unions, etc., La.App., 378 So.2d 564; Woodard v. Prudential Ins. Co. of America, La.App., 350 So.2d 948; Mistric v. Republic Nat'l. Life Insurance Company, La.App., 314 So.2d 472; Loubat v. Audubon Life Insurance Company, La.App., 170 So.2d 745; Finch v. Baton Rouge Production Credit Association, La.App., 154 So.2d 60.
[4] She has appealed devolutively from the judgment dismissing her suit against the two insurers and answered the appeal of Port Ship praying that judgment against it be modified so as to award her penalties and attorney's fees as to that defendant. She seeks an in solido judgment for penalties and attorney's fees against all defendants.
[5] Since amended by Act 477, Sec. 1 of 1980 to provide for penalty of 8% interest.
[6] Mistric v. Republic Nat'l. Life Insurance Company, supra, note 2; Neider v. Continental Assur. Co., supra; Finch v. Baton Rouge Production Credit Association, supra, note 2.