PRICE, Judge.
Defendant, Business Insurance Life of America, appeals that portion of the trial court judgment which awarded plaintiff statutory penalties in the amount of $6,729.08 pursuant to La.R.S. 22:657. The sole issue to be decided is whether the group hospitalization insurance policy issued by defendant is “health and accident” insurance within the terms of La.R.S. 22:657. We affirm.
Although the levy of statutory penalties under La.R.S. 22:657 was not at issue, the Supreme Court, in Rudloff v. La. Health Services and Indemnity Co., 385 So.2d 767 (La.1980) held on rehearing that a policy providing benefits for hospital and medical care is “health and accident” insurance under Louisiana law. This decision specifically overruled Tabb v. La. Health Services and Indemnity, Co., 361 So.2d 862 (La.1978) which had previously found that such a hospitalization policy was not “health and accident” insurance.
In Lucito v. La. Hospital Service, Inc., 392 So.2d 700 (La.App. 3d Cir. 1980), the court was faced with the issue of whether the insurer was liable for penalties and attorney fees under La.R.S. 22:657 for failure to pay benefits under a group hospitalization insurance policy. Although penalties and attorney fees were not awarded, the court found that La.R.S. 22:657 was the appropriate statute to apply.
Peters v. Life General Security Insurance Co., 400 So.2d 1103 (La.App. 1st Cir. 1981), writ denied 403 So.2d 70, presented the exact issue raised here. There the defendant insurer argued that La.R.S. 22:658, rather than La.R.S. 22:657, was the appropriate statute to apply to an award of penalties for arbitrary failure to pay on a group hospitalization plan. The court rejected this approach, finding that a hospitalization insurance policy was “health and accident” insurance within the meaning of La.R.S. 22:657.
In line with the above cited jurisprudence, we find that the group hospitalization insurance policy issued by defendant is “health and accident” insurance within the contemplation of La.R.S. 22:657. Therefore, the trial court was correct in its assessment of penalties. See also Ray N. Boyle, Jr., et ux v. Fringe Facts, Inc., et al, 414 So.2d 1333 (La.App. 2d Cir. 1982), a decision rendered this day where the court has decided the same issue.
For the reasons assigned, the judgment appealed is affirmed at defendant’s costs.