KING, Judge.
The issues presented by this appeal are whether or not the trial court was correct in rendering judgment in favor of the plaintiff and against the defendant, whether or not it was correct in its award of penalties and attorney’s fees, and whether or not it was correct in dismissing defendant’s third party demand for indemnity and/or contribution.
Royphy Soileau, Jr. (hereinafter referred to as plaintiff) brought this action against Time Insurance Company (hereinafter referred to as TIME) to recover certain benefits under a group health and accident insurance policy (hereinafter referred to as the policy) issued by TIME, together with statutory penalties, attorney’s fees, legal interest, and costs. By supplemental petition, plaintiff made the Evangeline Parish Police Jury (hereinafter referred to as the Police Jury) an additional party defendant. The Police Jury then filed a third party demand against TIME, who in turn filed a third party demand against the Police Jury.
The case was tried and judgment was rendered in favor of plaintiff and against TIME in the amount of $2,731.40 for benefits owed under the policy, $2,731.40 in statutory penalties, together with legal interest from date of judicial demand, until paid, on all sums due, and for $1,000.00 in attorney’s fees and all court costs. The judgment also dismissed plaintiff’s suit against the Police Jury as well as the third party demands of TIME and the Police Jury against each other.
TIME now suspensively appeals and alleges as assignments of error that:
(1) The court erred in finding that the Police Jury acted as agent for TIME in taking plaintiff’s application for readmission for coverage under the policy;
(2) The court erred in finding coverage of plaintiff under the policy issued to the Police Jury;
(3) The court erred in assessing penalties and attorney’s fees by finding that
*309 TIME acted m an arbitrary and capricious manner and without probable cause in denying coverage;
(4) The court erred as a matter of law in assessing penalties pursuant to LSA-R.S. 22:657; and
(5) The court erred in dismissing TIME’S third party demand against the Police Jury for indemnity and/or contribution.
Plaintiff answers the appeal seeking an increase in attorney’s fees for the additional services performed by plaintiff’s counsel in connection with this appeal. Plaintiff also alternatively seeks judgment against the Police Jury in the event this Court finds that plaintiff is not entitled to judgment against TIME. We affirm in part, amend in part, reverse in part, and render judgment.
FACTS
There is no dispute between the parties that TIME issued a group health and accident insurance policy to the Police Jury and that plaintiff was an employee of the Police Jury who was originally covered under the policy. Neither is it disputed that plaintiff sustained an accidental injury on February 17, 1984 for which he received medical treatment, nor that the cost of medical treatment for this injury totalled $3,235.40. TIME, however, refused to reimburse plaintiff for any of his medical expenses, denying that plaintiff was covered under the policy.
The testimony and evidence presented at trial show that plaintiff had been covered under the policy, as an employee of the Police Jury, and had instructed the Police Jury to cancel his coverage under the policy sometime in late 1983. At that time the Police Jury stopped deducting plaintiff’s premium payments from his paycheck for his coverage under the policy. Plaintiff continued in the employ of the Police Jury and on or about January 9, 1984 plaintiff requested the Secretary-Treasurer of the Police Jury, Wilbert J. Ardoin, to submit his application to TIME to reapply for coverage under the policy.
Plaintiff admitted that he had never read the insurance booklet originally provided him explaining the terms and conditions governing the policy. Plaintiff relied on Mr. Ardoin to reapply for coverage and deduct from his paycheck the premium payments for coverage under the policy. Plaintiff was discharged from employment on February 15, 1984, but chose to have his premium payments deducted from his February check in order to continue to maintain insurance coverage.
Plaintiff testified that Mr. Ardoin, or one of the Police Jury employees who under Ardoin’s direction handled plaintiff’s application, told him that he had probably never been dropped from coverage under the policy. Plaintiff testified that at the time he reapplied for coverage under the policy he was told to go ahead and keep the same insurance certificate and card that were originally issued to him since TIME would probably give him the same identification number. Plaintiff also stated that he was told that the Police Jury would let him know if TIME needed anything else from him, or if a problem developed. Since the Police Jury deducted premiums from his paycheck and since plaintiff heard nothing further he believed he was covered under the policy.
Mr. Ardoin, Secretary-Treasurer of the Police Jury, testified that it was his duty to process employee applications for admission to TIME’S group insurance policy issued to the Police Jury and that in the course of that duty he accepted an application for readmission from plaintiff dated January 9, 1984. He further testified that he or someone at his direction forwarded plaintiff’s application to TIME on the same date, January 9, 1984, and that the Police Jury began once again to deduct plaintiff’s premium payments from his paycheck and forwarded these premium payments to TIME, along with the Police Jury’s matching contributions. Mr. Ardoin also stated that plaintiff’s name was added to the Police Jury’s reconciliation statement for TIME’S January, 1984 billing of premiums due. Mr. Ardoin testified that TIME ac *310 cepted the premiums and never gave notification that it had either accepted or rejected plaintiffs application for readmission for coverage under the policy.
The testimony of George Gambino, regional manager for TIME, conflicted with that of Mr. Ardoin. Mr. Gambino testified that TIME never received plaintiffs application for readmission, made on January 9, 1984 and sent to TIME by the Police Jury on the same date, prior to the date of plaintiffs injury. Mr. Gambino testified that TIME did not gain knowledge of plaintiffs application until the middle of April, 1984 when it called the Police Jury and inquired why plaintiffs name was on the January, 1984 reconciliation statement. Mr. Gambino stated that for this reason TIME could not have approved the plaintiffs application. Mr. Gambino also stated that Paragraph 13 of plaintiffs application states that coverage will not become effective until the application has been approved by the home office of TIME and that page three of the Master Policy Booklet issued to the Police Jury states that:
“[i]f a Member does not apply for coverage within the allowed 30 days, or if the Member wants to put such coverage back in force once it has lapsed, Time will require evidence of health. If Time accepts the application, benefits will be paid only for conditions which had their start after the' effective date of such coverage.”
Mr. Gambino further testified that TIME did not accept the premiums paid in January and February by the Police Jury for plaintiffs coverage, but rather merely credited them to the Police Jury’s account with TIME. He also testified that TIME only received the January payment of the Police Jury’s premiums on February 15, 1984, only two days before plaintiff’s injury. However, when confronted with the fact that, on February 13, 1984, TIME had received and cashed the Police Jury’s check, attached to the January, 1984 reconciliation statement, Mr. Gambino had no explanation for the discrepancy in TIME’S records.
Mr. Gambino further explained TIME’S billing procedure and the Police Jury’s reconciliation statement for TIME’S billing. Approximately two weeks before the first day of the month TIME would prepare and send to the Police Jury a statement containing the names of covered members (employees) and the amount of premiums due for that month. The premiums listed on the statement were due on the first of the month. He further testified that the Police Jury would return a copy of TIME’S monthly statement, along with its own reconciliation of that statement and its payment of premiums, approximately two weeks after the end of the month in which they were due (a month and a half after payment was due). Included in that reconciliation were the names of employees which the Police Jury desired to have added to or removed from the policy coverage. The Police Jury also included the premiums of employees that it wished added to coverage in its payment, despite the instructions that TIME included in the billing statement that premiums for new enrollments should not be submitted with the billing statement. Mr. Ardoin admitted that the Police Jury did this despite TIME’S instructions to the contrary, thus confirming Mr. Gambino’s testimony about this procedure.
Mr. Gambino testified that when TIME received the Police Jury’s reconciliation statement and premium payment, TIME would stamp the statement to indicate the date received and the amount paid. TIME would also complete its own reconciliation of the statement, taking into account the additions and deletions reported by the Police Jury, and would carry over the resulting balance (whether it was positive or negative) to the Police Jury’s account for the following month.
For the January, 1984 billing, TIME mailed the statement in December, 1983, with the premiums being due January 1, 1984. The Police Jury did not send its reconciliation statement and January premium payments to TIME until February, 1984, by which time TIME had already mailed the February billing statement and *311 was preparing the March billing statement. Therefore, TIME’S February and March billing statements did not include any additions or deletions noted in the Police Jury’s reconciliation of the January statement. The same procedure was followed for the February and March billings.
POLICE JURY AS AN AGENT OF TIME
TIME claims that the trial court erred in finding that the Police Jury acted as an agent for TIME in taking plaintiff’s application for readmission to the group policy coverage.
The Supreme Court of Louisiana has recognized that in regard to group insurance policies, the employer, in its position of administrator of the policy, should be considered as the agent of the insurer, and any omission of duty to the employee in its administration should be attributable to the insurer. Tabb v. La. Health Services & Indem.Co., 361 So.2d 862 (La.1978), overruled on other grounds, Rudloff v. Louisiana Health Services and Indem., 385 So.2d 767 (La.1979); Neider v. Continental Assur.Co., 213 La. 621, 35 So.2d 237 (1948).
Review of the record reveals clearly that the Police Jury performed many of the administrative functions involved with the group insurance program for coverage of its employees under the policy. The Police Jury, through Mr. Ardoin or a Police Jury employee at his direction, was responsible for filling out the insurance applications of employees and forwarding those applications to TIME. The blank application forms were provided by TIME to the Police Jury. It was also the Police Jury’s responsibility to collect the premiums from eligible employees by deducting them from the employees’ paychecks and forwarding the money collected to TIME. The Police Jury assisted its employees in processing claims under the policy.
The Police Jury performed these administrative functions with the knowledge and consent of TIME, and therefore are to be considered the agent for TIME so that any omission of duty must be attributable to TIME. See Mistric v. Republic Nat’l Life Insurance Company, 314 So.2d 472 (La.App. 1st Cir.1975), writ den., 319 So.2d 444 (La.1975); Loubat v. Audubon Life Insurance Company, 170 So.2d 745 (La.App. 1st Cir.1964), affirmed 248 La. 183, 177 So.2d 281 (1965). For these reasons we do not find the trial judge was clearly wrong in finding the Police Jury was the agent for TIME in handling applications of the Police Jury’s employees for coverage under the policy issued by TIME to the Police Jury.
COVERAGE UNDER THE GROUP POLICY
TIME alleges that the trial court erred in finding that coverage of the plaintiff existed under the terms of the policy. TIME argues that no coverage of plaintiff could result because the application, policy booklet, and Master Policy Booklet provided that coverage would not become effective for plaintiff until TIME approved his application for readmission to coverage under the policy. However, since the trial court found that the Police Jury acted as the agent for TIME, a conclusion we agree with, TIME was bound by the actions, representations, and omissions of the Police Jury in regard to the administration of the group insurance program.
The Police Jury took plaintiff’s application and was responsible for forwarding it to TIME. The Police Jury also received the premiums from plaintiff (through payroll deductions) which it also forwarded to TIME. The Police Jury, through Mr. Ar-doin or a Police Jury employee under his direction, told plaintiff, upon taking his application, that he was to keep the original insurance certificate given to him to evidence his coverage, because in all probability TIME would use the same number for him upon reissuing coverage under the policy. Plaintiff was also informed by the Police Jury that he had probably never been dropped from coverage. The Police Jury additionally told him that if any problems arose with the insurance, he would be notified.
*312 It is clear from the record that plaintiff relied on the information and representations given by the Police Jury, and that he was dependent upon the Police Jury to take and forward his application, as well as deduct and send his premiums to TIME. It is also clear that those premiums (January and February) were deducted by the Police Jury and that plaintiff was never informed that he was not covered or ever had any knowledge that he was not covered. Plaintiff detrimentally relied upon the Police Jury’s representations and was prejudiced by the Police Jury’s failure to comply with TIME’S requirements for his application for readmission for coverage and failure to properly pay his premiums.
It is unimportant whether or not TIME actually received the plaintiff's application or premiums or approved plaintiff’s application. What is important is that TIME placed the Police Jury in the position of being its agent and permitted the Police Jury to take plaintiff’s application and deduct premiums from his paycheck, all the while leading plaintiff to believe that he was covered by the Police Jury's group insurance policy. Therefore, plaintiff is entitled to recover from TIME the amounts owed under the policy. See Neider v. Continental Assur.Co., supra; Carr v. Port Ship Service, Inc., 406 So.2d 632 (La.App. 4th Cir.1981), writ den., 412 So.2d 85 (La.1982); and Richard v. Am. Federation of Unions, Etc., 378 So.2d 564 (La.App. 3rd Cir.1979).
Under the policy, the amount owed to plaintiff is $2,731.40. (This amount is arrived at by applying a $100.00 deductible and eighty percent reimbursement for the first $2,000.00 of covered expenses, and one hundred percent reimbursement for the covered expenses in excess of $2,000.00.)
We do not find that the trial judge was manifestly in error or clearly wrong in finding that plaintiff was covered under the policy and affirm the judgment of $2,731.40 for medical expenses awarded in favor of plaintiff and against TIME.
PENALTIES AND ATTORNEY’S FEES
TIME claims that the trial court erred in finding that TIME acted in an arbitrary and capricious manner and without probable cause in denying coverage. TIME also claims that the trial court erred in awarding plaintiff penalties and attorney’s fees under the provisions of LSA-R.S. 22:657 citing Tabb v. La. Health Services and Indem.Co., supra.
The Lousiana Supreme Court has overruled the Tabb case and clearly stated that recovery of penalties and attorney’s fees for the refusal to pay claims under health and accident policies, unless just and reasonable grounds exist for that refusal, is to be made under the provisions of LSA-R.S. 22:657. Rudloff v. Louisiana Health Services and Indem., 385 So.2d 767 (La.1979). This court has also consistently taken this position. Joubert v. Business Ins. Life of America, 415 So.2d 645 (La.App. 3rd Cir.1982); Thompson v. Business Ins. Life of America, 413 So.2d 331 (La.App. 3rd Cir.1982); Lucito v. Louisiana Hospital Services, Inc., 392 So.2d 700 (La.App. 3rd Cir.1980). The trial court’s decision that plaintiff is entitled to an award of penalties and attorney’s fees is a factual determination that is not to be disturbed on review absent manifest error or unless it is clearly wrong. Cameron State Bank v. American Emp.Ins.Co., 401 So.2d 1090 (la.App. 3rd Cir.1981), writ den., 409 So.2d 674 (La.1981).
Review of the record reveals that the trial court’s award of penalties and attorney’s fees was amply supported by the evidence. Though TIME’S failure to timely approve plaintiff’s application may have been caused by the negligence of the Police Jury in handling his application and premiums, TIME is bound by the actions of its agent, the Police Jury, and cannot use that negligence as a defense to payment of plaintiff's claim. TIME, after receiving notice of plaintiff’s claim, certainly had ample time to investigate and learn of the Police Jury’s actions which were necessarily attributable to TIME. In reality, TIME did *313 learn of the Police Jury’s conduct, yet still refused to pay the plaintiffs claim. The trial judge made a factual finding that TIME acted in an arbitrary and capricious manner and without probable cause in refusing to pay plaintiffs claim. We do hot find that the trial judge was clearly wrong or manifestly in error in this finding of fact. The trial judge awarded penalties of 100% of the amount due under the policy, or $2,731.40, and attorney’s fees of $1,000.00 under the provisions of LSA-R.S. 22:657. We find that the trial judge was not clearly wrong or manifestly in error in making this award of penalties and attorney’s fees.
TIME’S THIRD PARTY DEMAND AGAINST THE POLICE JURY
Finally, TIME argues that the trial court erred in dismissing its third party demand against the Police Jury for indemnity and/or contribution.
“It is settled law that where an insurer is exposed to liability for policy claims because of action by its agent beyond the agent’s authority or contrary to instructions, the agent is accountable to the insurer for the latter’s loss. American Fire & Marine Ins. Co. v. Seymour, 144 So. 775 (La.App. 2nd Cir.1932); Millers Casualty Insurance Co. of Texas v. Cypress Insurance Agency, Inc., 273 So.2d 602 (La.App. 1st Cir.1973); Atlas Lubricant Corporation v. Federal Insurance Co. of New Jersey, 293 So.2d 550 (La.App. 4th Cir.1974).” Richard v. Am. Federation of Unions, Etc., 378 So.2d 564, at page 568 (La.App. 3rd Cir.1979).
In Richard, this Court allowed the insurer’s third party demand for indemnification from a union, which the Court found acted as the insurer’s agent in handling a group insurance policy for union members. An error made by the union agent in the administration of the group insurance policy resulted in the insurer’s liability to the union member.
In this case, the evidence shows clearly that the ultimate fault lies with the Police Jury. The Police Jury was negligent in leading plaintiff to believe he was covered under the policy and in payment of plaintiff’s premiums by acting beyond its authority and contrary to the written instructions given by TIME.
The Police Jury took plaintiff’s application and began to deduct the premiums from plaintiff’s paycheck, and in general, led plaintiff to believe that he was covered, though effective coverage actually depended upon TIME’S approval of the application. Additionally, the Police Jury forwarded the plaintiff’s premiums to TIME at the same time that it sent plaintiff’s name in on the reconciliation statement, which was clearly contrary to the instructions of TIME that those premiums for persons applying for coverage under the policy should not be sent in at that time. The Police Jury further magnified the problem by not sending in the premiums and the reconciliation statement until almost 45 days after they were due. This negligence on the part of the Police Jury also led to further delay in TIME’S processing of plaintiff’s application. This negligent conduct of the Police Jury and its actions, beyond its authority and contrary to instructions, exposed TIME to liability under the policy. We find that the Police Jury is accountable to TIME, for TIME’S losses resulting from its liability for this claim, and that the trial court erred in dismissing TIME’S third party demand against the Police Jury. For this reason judgment will be rendered reversing the trial court judgment dismissing TIME’S third party demand against the Police Jury and judgment will be rendered in that third party demand in favor of TIME and against the Police Jury for all sums, interest, penalties, attorney’s fees and court costs for which TIME has been cast in judgment to the plaintiff.
ADDITIONAL ATTORNEY’S FEES
Plaintiff answered this appeal seeking an increase in attorney’s fees because of the additional legal expenses incurred in connection with this appeal. We find that plaintiff is entitled to $250.00.in additional attorney’s fees for services rendered in connection with this appeal.
*314 CONCLUSION
Having found that the trial court was in fact correct in holding TIME liable under the group policy, we need not address plaintiffs alternative contention that if we find that TIME is not liable to plaintiff, then we must find that the Police Jury is liable to him.
For the foregoing reasons, the judgment of the trial court is affirmed in part insofar as it awards judgment to plaintiff for $2,731.40, together with penalties of $2,731.40, and attorney’s fees of $1,000.00, legal interest, and court costs, amended to render judgment of $250.00 for additional attorney’s fees for services rendered to plaintiff on appeal, and reversed to set aside the dismissal of TIME’S third party demand against the Police Jury and to award judgment on that third party demand in favor of TIME and against the Police Jury for indemnification for all sums that TIME is liable to plaintiff.
All costs of this appeal are taxed equally to TIME and the Police Jury.
AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART; AND RENDERED.