416 So.2d 177 (1982)
John and Frances BURKE, et al.
v.
OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, et al.
No. 12890.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Rehearing Denied July 16, 1982.
W. Marvin Hall, Andrew L. Hamlin, Metairie, for plaintiffs-appellants.
Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, for defendant-appellee.
Before BARRY, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from an order of the trial court granting a motion for summary judgment brought by the defendant Occidental Life Insurance Co. of California ["Occidental"].
Plaintiff Frances Burke was an employee of the Jefferson Public School System ["School System"] to which Occidental had issued a group accident and health insurance policy. Plaintiff's minor son, Christopher Wimsatt, also a plaintiff in this action, was a beneficiary of the policy. Wimsatt was hospitalized in January, 1979, in Coliseum Medical Center. In October, 1979, Occidental informed the School System that the plaintiffs had reached the limit of their coverage, and terminated benefits. The School System subsequently notified the plaintiffs. The plaintiffs claim that from the time the School System received notice of discontinuance of benefits until the time that they received such notice, additional costs of $17,849.01 had been incurred. The plaintiffs then filed suit against Occidental and the School System to recover additional medical costs of $22,970.50 and $175,000.00 for embarrassment, mental anguish, humiliation and aggravation of Wimsatt's emotional problems as a result of Occidental's actions.
*178 Occidental moved for summary judgment based on the deposition of Mrs. Burke and the terms of the policy itself. The policy places a $25,000.00 limitation on coverage for mental illness or functional nervous disorders. Occidental introduced Mrs. Burke's deposition in which she stated that her son's difficulties were a result of mental and emotional illness. Occidental argued that the $25,000.00 limit therefore, was applicable, and because this limit had been reached, benefits were terminated. In response, the plaintiffs filed an opposition to the motion for summary judgment. The opposition took the position that the policy language is in conflict with the "certificate," and that the higher general limit contained in the certificate, rather than the $25,000.00 limit, should be applied. This "certificate" upon which the plaintiffs rely is actually nothing more than the insurance claim form.[1] The plaintiffs offered no further opposition to the motion, and it was granted.
The plaintiffs have appealed to this court on the ground that the ruling below was in error. The plaintiffs assert that the trial court committed four errors: (1) Wimsatt actually was suffering from a physical ailment; (2) the certificate of insurance provides for sufficient coverage; (3) Occidental failed to inform the plaintiffs that benefits were being terminated; and (4) Occidental was in violation of La.R.S. 22:213.2, which required insurers to offer policyholders an option to have mental and nervous disorders receive the same type of coverage as illnesses, accidents, or all other diagnoses.
After the decision was rendered below, the attorney for the plaintiffs introduced a voluminous amount of information into the record, including records from Coliseum House and excerpts from medical journals, all of which support the position that Wimsatt was suffering from Klinefelter's Syndrome. Klinefelter's Syndrome is a genetic disorder, that has certain mental manifestations, including severe anxiety, tension, severe psychoneurosis, and paranoid schizophrenia. This subsequently introduced evidence and the allegations in brief to this court indicate that Wimsatt suffered from this illness at the time of his admittance to Coliseum House. Notwithstanding the availability of this evidence of the physical nature of Wimsatt's illness, the plaintiffs' attorney did not introduce any of it in opposition to summary judgment. None of the information about the physical nature of the plaintiff's infirmity was made available to the district court, nor were any allegations contained in the petition which would indicate that Wimsatt was physically, not mentally, ill.
Summary judgment is granted when the pleadings and affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.Civ.Pr. art. 966. Summary judgment is improper if there is any reasonable doubt that it should be granted. E.g., Chaisson v. Dominque, 372 So.2d 1225 (La.1979).
In the instant case, the only evidence before the trial court on this issue was the deposition testimony of Mrs. Burke and the plaintiff's petition that characterized Wimsatt as suffering from "emotional problems." Based upon the evidence before him, the trial judge properly granted the motion for summary judgment. Furthermore, we cannot consider any evidence presented de novo on appeal. If the plaintiffs' attorney had presented any of the evidence upon which he relies on appeal, at trial, summary judgment clearly would have been improper. See La.C.Civ.P. art. 967. The law is clear, however, that we are unable to consider an issue not raised in the pleadings or the motion for summary judgment. Lusk v. Aetna Casualty & Sur. Co., 295 So.2d 238 (La.App. 3d Cir. 1974). See also Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir. 1981). The attorney's apparent failure to plead properly and to respond properly to the motion for summary *179 judgment precludes us from ruling in the plaintiffs' favor.
Two other arguments presented by the plaintiffs are also without merit because no evidence in support of them is contained in the record below. Even assuming merit in the plaintiff's argument that the plaintiffs were damaged because they were not notified that benefits were being terminated and that the defendant is liable for these damages, there is no evidence to show whether this failure to notify actually occurred. Once again, the plaintiffs' attorney failed to raise this issue at trial.
Furthermore, the plaintiffs have argued that Occidental has violated La.R.S. 22:213.2. La.R.S. 22:213.2 provided in pertinent part[2]
"Every insurer authorized to issue policies of health and accident insurance in this state shall offer to all prospective group, blanket, and franchise policyholders at their option a provision in the insurer's health and accident insurance policies which shall state that benefits shall be payable for services rendered for the treatment of mental and/or nervous disorders, under the same circumstances, conditions, limitations and exclusions as benefits are paid under those policies for all other diagnoses, illnesses, or accidents;..."
See Rudloff v. Louisiana Health Serv. & Indem. Co., 385 So.2d 767 (La.1979) (on rehearing).
It is not unlawful for an insurance company to provide different coverage for physical and mental illnesses within the same policy, as long as the insured is given the opportunity to obtain similar coverage for mental and/or nervous disorders on the same terms as coverage for other diagnoses, illnesses, or accidents. If the insurance company fails to offer similar mental coverage then the policy holder is presumed to have opted for the equal coverage. Rudloff v. Louisiana Health Serv. & Indem. Co., supra. Once more, this issue was not raised by the plaintiffs in opposition to the summary judgment and was not before the trial judge. Because the plaintiffs' attorney failed to raise this issue below we are precluded from overruling the trial court's decision. Lusk v. Aetna Casualty & Sur. Co., supra.
Finally, the plaintiffs assert that there exists a discrepancy between the policy issued to them and their certificate of insurance, and that because the certificate provides for coverage up to an amount sufficient to cover Wimsatt's medical expenses, its terms are applicable. A deposition of a personnel assistant for Jefferson Parish has been introduced into the record by the plaintiffs to support the plaintiffs' position on this issue. This deposition was taken after the Motion for Summary Judgment and, therefore, we are unable to consider it. See discussion, supra. The "certificate" to which the plaintiffs refer is clearly no more than a claim form. The trial judge properly concluded that this was not a genuine issue of fact. See City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir. 1979).
Although the plaintiffs' attorney has attempted to present issues of fact on this appeal, he did not present any in the trial court. Based on the record before us, we cannot say that the trial court erred in granting summary judgment in favor of Occidental. Were we to reverse the trial court's ruling, we would severely undermine, perhaps fatally, the summary judgment procedure. A losing party should not be able to create issues of fact on appeal when he failed to raise them in the trial court.
The decision of the trial court is affirmed, all costs to appellant.
AFFIRMED.
BARRY, Judge, concurs.
I agree that summary judgment is appropriate. Without additional information I *180 cannot join the majority's apparent conclusion that plaintiff's counsel is responsible for the result.
NOTES
[1] The certificate of insurance was filed into the record by the plaintiffs as an appendix to a Memorandum in Support a Motion for Summary Judgment. The Motion for Summary Judgment filed by the plaintiffs was never presented to the court below.
[2] This provision was repealed effective January 1, 1982. It has been superceded by La.R.S. 22:669.