427 So.2d 1165 (1983)
John and Frances BURKE, et al.
v.
OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, et al.
No. 82-C-2000.
Supreme Court of Louisiana.
February 23, 1983.
W. Marvin Hall, Andrew L. Hamlin, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for applicants.
Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, for respondents.

*1166 ON REHEARING
CALOGERO, Justice.
The present case is before us from the pre-trial ruling of the district court granting defendant Occidental Life Insurance Company of California's Motion for Summary Judgment. For the reasons which follow, we reverse that ruling and remand the case to the district court for further proceedings.
Plaintiff Frances Burke was an employee of the Jefferson Parish School Board. Occidental had issued a group accident and health insurance policy to the School Board for its employees. Plaintiff's minor son, Christopher Wimsatt, was covered by the policy as plaintiff's dependent. Christopher was hospitalized at Coliseum Medical Center on January 16, 1979. On January 17, 1979, one Donna Bergeron, "Insurance Advisory Technician," furnished the hospital, at plaintiff's request, with a "Certificate" which provided, at the top, the extent of the child's coverage and, at the bottom, spaces for making a claim. Coverage on this "Certificate" was listed as follows:
BENEFITS FOR OTHER THAN MATERNITY CASES
A. Hospital Room and Board 100% of the hospital most common charge for its std.semi-pvt. room (no deduction on R & B).
B. Other Hospital Charges for Care and Treatment
80% of $2500.00, plus 100% up to $25,000.00 ($100 deductible)
Plaintiff's son remained hospitalized at Coliseum Medical Center until late October of 1979 at which time he was expelled from the hospital, presumably for non-payment of current charges. Occidental had been paying plaintiff's hospital expenses, but at some point after the medical expenses totaled $25,000.00, Occidental informed the School Board that plaintiff had reached the limit of the coverage and ceased making payments on plaintiff's account. The School Board subsequently notified plaintiff of the termination. Shortly thereafter, although not recovered, plaintiff's son was removed from the hospital because of a lack of funds with which to keep him there.
The plaintiff filed the instant suit against the School Board and Occidental for, among other things, the medical expenditures in excess of $25,000.00 which had already been incurred before the hospital was notified of the insurer's discontinuance of payment.[1]
Occidental answered plaintiff's suit and attached the insurance policy to the answer. Subsequently, Occidental filed a Motion for Summary judgment attaching thereto plaintiff's deposition. Occidental relies on both of those items in support of its motion. The policy places a $25,000.00 limitation on coverage for "all covered expenses incurred on account of mental illness and functional nervous disorders." In the deposition, plaintiff made statements concerning her son's medical problems and at one point referred to the fact that he had "emotional and mental health problems." Thus Occidental argued that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law under the policy language and plaintiff's admission that her son was suffering with emotional and mental health problems.
Plaintiff filed an opposition to Occidental's Motion for Summary Judgment and a Motion for Summary Judgment of her own. She contended that the policy language at issue was ambiguous, that she had never been informed of such a limitation, and that it was in conflict with the limitations provided in the "Certificate" which had been furnished the hospital at the time the child *1167 was admitted. Therefore plaintiff argued that the higher general limit contained in the "Certificate" should govern rather than the $25,000.00 limit, and that she was entitled to judgment as a matter of law. She filed one affidavit in support of her motion, that being an affidavit by an employee of the School Board to the effect that the limits on coverage, as provided in the policy and booklet she had been given, were confusing and ambiguous and had never been explained to her.
The trial court granted Occidental's Motion for Summary Judgment, dismissing plaintiff's lawsuit with prejudice as to Occidental. From this ruling plaintiff appealed.
The Court of Appeal, although apparently reluctant to do so, affirmed the trial court ruling. The Court of Appeal gave the following explanation at 416 So.2d 177, 178:
After the decision was rendered below, the attorney for the plaintiffs introduced a voluminous amount of information into the record, including records from Coliseum House and excerpts from medical journals, all of which support the position that Wimsatt was suffering from Klinefelter's Syndrome. Klinefelter's Syndrome is a genetic disorder, that has certain mental manifestations, including severe anxiety, tension, severe psychoneurosis, and paranoid schizophrenia. This subsequently introduced evidence and the allegations in brief to this court indicate that Wimsatt suffered from this illness at the time of his admittance to Coliseum House. Notwithstanding the availability of this evidence of the physical nature of Wimsatt's illness, the plaintiffs' attorney did not introduce any of it in opposition to summary judgment. None of the information about the physical nature of the plaintiff's infirmity was made available to the district court, nor were any allegations contained in the petition which would indicate that Wimsatt was physically, not mentally ill.
Summary judgment is granted when the pleadings and affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Summary judgment is improper if there is any reasonable doubt that it should be granted. E.g., Chaisson v. Dominque, 372 So.2d 1225 (La.1979).
In the instant case, the only evidence before the trial court on this issue was the deposition testimony of Mrs. Burke and the plaintiff's petition that characterized Wimsatt as suffering from "emotional problems." Based upon the evidence before him, the trial judge properly granted the motion for summary judgment. Furthermore, we cannot consider any evidence presented de novo on appeal. If the plaintiffs' attorney had presented any of the evidence upon which he relies on appeal, at trial, summary judgment clearly would have been improper. See La.C.C.P. art. 967. The law is clear, however, that we are unable to consider an issue not raised in the pleadings or the motion for summary judgment. Lusk v. Aetna Casualty & Sur. Co., 295 So.2d 238 (La.App. 3d Cir. 1974). See also Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981). The attorney's apparent failure to plead properly and to respond properly to the motion for summary judgment precludes us from ruling in the plaintiffs favor.
While we agree with these basic sentiments expressed by the Court of Appeal, we nonetheless determine that the Motion for Summary Judgment in Occidental's favor should not have been granted. Originally we granted plaintiff's writ summarily, set aside the summary judgment in favor of defendant and remanded the case to the district court for further proceedings. However, we had second thoughts about reversing summarily defendant's favorable Court of Appeal judgment. Accordingly, we granted defendant's rehearing application to permit full briefing and oral argument.
As correctly pointed out by the Court of Appeal, summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions *1168 on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966. The party moving for summary judgment has the burden of showing absence of a genuine issue as to any material fact. Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Mashburn v. Collin, 355 So.2d 879 (La.1977).
Viewing the record in this case as it was at the time the motion for summary judgment was granted, we find that Occidental did not meet its burden of proof by showing the absence of a genuine issue as to material facts.
Occidental introduced the insurance policy it had issued to the School Board. It contained language limiting coverage to $25,000.00 for expenses incurred "on account of" mental illness. Thus, Occidental argued that if all plaintiff's medical expenses were incurred "on account of" mental illness, Occidental would be entitled to judgment in its favor. However, whether or not they were incurred on account of mental illness is the fact at issue. To prove that the expenses were so incurred, Occidental relied solely on the deposition of plaintiff.
There are only two instances in that deposition where plaintiff, Mrs. Burke, made any reference to mental illness:
Q. Without prying too much into your personal affairs, is it fair to say your son's treatment is for mental and emotional disorders?
A. Yes, it's fair. As far as being told anything about the policy, I was not told anything about the policy. Nobody told me anything about the policy.
* * * * * *
Q. About how long, and again, I don't want to get very personal, about how long were those problems ongoing that led to (institutionalization)?
A. He has a history of emotional and mental health problems. They were aggravated by adolescence and maturation. It became severe.
As is readily apparent, neither is a statement of causation, that is, they do not negate the possibility that the emotional or mental problems have a physical cause. Nor do either of these statements preclude the possibility that Christopher had a physical illness or disability in addition to the emotional one. Thus, even if we assume that Mrs. Burke was competent to testify authoritatively concerning her son's medical problems, which is more than likely not the case, these statements do not preclude the existence of a precipitating or concurrent physical illness. There remain factual issues not resolved by the exhibits in support of Occidental's Motion for Summary Judgment.
Furthermore, however, the competency of this witness' testimony as a conclusive statement on the nature of Christopher's illness is questionable at best. An issue of fact involved in plaintiff's suit against Occidental is whether all of the medical expenses were incurred "on account of" mental illness. Plaintiff, a school teacher, is hardly qualified to make the determination that all her son's medical expenses resulted from a purely emotional condition. This lay statement, hardly even an opinion, is no more authority than would be a statement by her of the reverse, that her son's problems are purely physical.
Yet Occidental chose to rely upon this deposition alone, rather than to submit any supporting affidavits concerning the nature and cause of Christopher's illness.[2] In doing *1169 so, Occidental simply did not meet its burden of proving that there were no issues of fact in the case, entitling it to judgment as a matter of law.
There is another reason why this case is not in the proper posture for prejudicial dismissal on Occidental's Motion for Summary Judgment at this time. Plaintiff's petition and other pleadings in the record assert a claim for medical expenses in excess of $25,000.00, founded chiefly upon an argument that her son's expenses were unrelated to the applicability or not of the $25,000.00 limitation "on account of" mental illness. Plaintiff appears to be contending that, notwithstanding the $25,000.00 limit for mental illness and a finding that the child was suffering from mental illness, Occidental is liable for the room and board expenses which exceeded $25,000.00 (some $20,000.00) because the expenses were incurred on the strength of the Insurance Advisory Technician's Certificate indicating that such charges would be fully covered, and before plaintiff was notified to the contrary.
Plaintiff's entitlement in this latter respect has not yet been considered in this case, nor have certain factual issues incident thereto been resolved (i.e., the insurance advisory technician's employer, probably the school board, and/or her authority to act as agent for Occidental).[3]
We hasten to point out that we are aware of the needless difficulty with which the trial court judge was confronted in deciding this case. Plaintiff's counsel had access to information concerning the nature and cause of Christopher's medical condition and neglected to present it to the court at the proper time. Had he done so, the decision for the trial judge would have been simpler. However, notwithstanding the sparsity of information in opposition to the Occidental's motion made available at the time the Motion for Summary Judgment was ruled upon, we nevertheless find that Occidental did not meet its burden of proving that there was no genuine issue of material fact entitling it to a judgment as a matter of law.

Decree
For the foregoing reasons the ruling granting the Motion for Summary Judgment in Occidental's favor is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff's basic argument against Occidental is that the insurer should be liable for the room and board expenses that exceeded the $25,000.00 limit and were incurred prior to plaintiff's notification that they would not be covered, irrespective of the $25,000.00 limit, because the "Certificate" furnished the hospital by the "Insurance Advisory Technician" indicated that those charges would be fully covered. The claim against the School Board is based on its alleged negligence in failing to promptly notify plaintiff of the termination of insurance coverage. Plaintiff additionally has a claim for mental suffering and embarrassment for having to remove her son from the hospital under those circumstances.
[2] Occidental's claim file includes a medical diagnosis of Klinefelter's Syndrome as well as a notation that "one of the claimant's conditions is bodily illness (Klinefelter's Syndrome) rather than nervous and mental." As explained by the Court of Appeal, this is a physical illness or condition that has certain mental manifestations, including severe anxiety, tension, severe psychoneurosis, and paranoid schizophrenia. These forms were not, however, in the record at the time the trial judge ruled on Occidental's Motion for Summary Judgment because, although plaintiff's counsel requested in interrogatory #3 that the claim file be attached to the answers to the interrogatories that were to be filed in the record, he did not see to its filing after Occidental instead simply sent a copy of the file to plaintiff's counsel under separate cover.
[3] Plaintiff filed a Motion for Summary Judgment, prior to the hearing on Occidental's Motion, which addressed these contentions. However, because of the ruling on Occidental's Motion dismissing the insurance company from the case, plaintiff's Motion has not been considered.