BYRNES, Judge.
This case involves an action on two promissory notes.
MONCO Agency, Inc., [“MONCO”] Defendant-Appellant is a holding company for Cotton Belt Insurance Company, [“CBIC”]. In the fall of 1981 MONCO transferred all of its financial accounts from the First National Bank of Commerce to The Bank of New *223 Orleans and Trust Company, [“BNO”], Plaintiff-Appellee. This transfer was the apparent result of a concerted effort by BNO to obtain these accounts.
On November 10, 1981 BNO lent MON-CO $1,658,111.10. MONCO gave BNO a promissory note in that amount and pledged as collateral all of its CBIC stock. In January of 1982 BNO lent MONCO another $500,000.00 for which BNO received another promissory note. The CBIC stock was again pledged as collateral. The terms of both loans were set out in a letter agreement between BNO and MONCO.
In March of 1982 BNO received a letter from the Texas Board of Insurance which suggested that CBIC may be insolvent. After reviewing this letter, BNO felt that their collateral was impaired and accordingly gave MONCO twenty-four hours to furnish additional collateral.. Rather than furnishing the collateral, MONCO filed for and obtained a temporary restraining order enjoining BNO from attempting to collect on the two promissory notes.
On April 2, 1982, a hearing on the restraining order was held in Civil District Court for Orleans Parish. The court reviewed the evidence, which revealed that many judgments had been rendered against CBIC, and determined that MON-CO’s collateral was indeed impaired. However, MONCO and BNO entered into a compromise agreement resulting in the dissolution of the temporary restraining order.
As part of the compromise, which was approved by the court, all parties agreed that a declaratory judgment action would be filed to determine the true ownership of the MONCO funds on deposit with BNO and whether BNO had the right to set-off against these funds. The compromise also provided that three certificates of deposit, with a total value of $805,000.00, would be issued in the name of the Clerk of the Civil District Court for Orleans Parish. These CD’s would represent the amount of three other MONCO CD’s in which ownership was disputed and would be held by the clerk pending the outcome of the declaratory judgment action. The remaining funds in dispute, via CD’s, were also placed in the custody of the clerk.
On April 8, 1982, BNO filed the declaratory judgment action in Civil District Court seeking judgment on the promissory notes. On August 5, 1982 BNO filed a motion for summary judgment. In December of 1982 the trial court granted the motion for summary judgment holding that MONCO was in default on the promissory notes and that BNO had a right to setoff against the funds MONCO had on deposit in their Bank. MONCO now appeals the granting of summary judgment.
ASSIGNMENT OF ERROR
MONCO contends that the trial court erred in granting summary judgment when material issues of fact existed regarding default on the notes and ownership of the funds.
SUMMARY JUDGMENT
The standards for granting a Motion for Summary Judgment are set out in Civil Procedure Articles 966 and 967, which state in pertinent part:
Art. 966 Motion for Summary Judgment; procedure
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Art. 967. Same; affidavits
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
*224 It is well settled that summary judgment is to be used cautiously and the procedure is not intended as a means of circumventing a trial on the merits. See: Millet v. Johnson, 381 So.2d 1293 (La.App. 4th Cir.1980); Savoy v. Action Products Company Inc., 324 So.2d 921 (La.App. 3rd Cir., 1975); Rosen v. Capital City Press, 314 So.2d 511 (La.App. 1st Cir.1975). Granting a motion for summary judgment is improper if there exists even the slightest doubt that it should be granted. Burke v. Occidental Life Insurance Company of California, 416 So.2d 177 (La.App. 4th Cir.1982). Any doubt is resolved in favor of a trial on the merits. Blount v. Exxon Corporation, 395 So.2d 355 (La.App. 1st Cir.1981). Finally, the likelihood that a party will prevail on the merits is of no moment when considering a motion for summary judgment. Gulf Wandes Corp. v. Vinson Guard Service Inc., 393 So.2d 207 (La.App. 1st Cir.1980).
In Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981), the Supreme Court outlined the general rules regarding summary judgment procedure:
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); United States v. Diebold Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Mashburn v. Collin, 355 So.2d 879 (La.1977). To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Adickes v. S.H. Kress & Co., supra; Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The papers supporting mover’s position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. Adickes v. S.H. Kress & Co., supra; 6 Moore’s Federal Practice 56.15[3].
Applying these rules to the case at bar we conclude that a genuine issue of material fact exists regarding the true ownership of the funds MONCO had on deposit with BNO. The defendant’s counter-affidavit combined with the other pleadings contained in the record clearly support this conclusion.
The affidavit of Oliver S. Motagnet, Jr., for defendant states in pertinent part:
6. The funds that the Bank of New Orleans and Trust Company offset against were funds that were either in or came directly from a checking account designated specifically for the investment of funds belonging to Cotton Belt Insurance Company, Inc. Agents. That the account was opened up in the name of “MONCO Agency, Inc. Agent's Account” specifically for those funds for Cotton Belt Insurance Company, Inc. agents.
7. The Bank of New Orleans and Trust Company and Mr. Ellis were told that there were large sums of money that stood in the name of Moneo Agency, Inc. that were, in fact, Cotton Belt Insurance Company funds or Cotton Belt Insurance Company Agents’ funds.
8. Oliver S. Montagnet, Jr. did tell the Bank of New Orleans and Trust Company or Lawrence Ellis, with whom he negotiated the Moneo loans, that Certificates of Deposit and checking accounts standing in Moneo Agency, Inc.’s property and as such were due compensation in the event of default. The loan agreement was not negotiated on that basis. To the contrary, the Bank of New Orleans and Trust Company was told by Oliver S. Montagnet, Jr. that the agents’ funds held by Moneo Agency, Inc. could not be pledged against Moneo Agency, Inc. loans.
11. In paragraph 6 of the Motion for Summary Judgment, the Bank of New Orleans and Trust Company request a declaration that it validly exercised an offset against the account entitled “Mon-eo Agency, Inc., Agents’ Account”. However, the funds belong to Cotton Belt Insurance Company, Inc. agents. The Bank of New Orleans and Trust *225 Company was selected as a depository by Moneo Agency Inc. to deposit the Cotton Belt Insurance Company, Inc. Agents’ funds. The funds in this account belong to Cotton Belt Insurance Company, Inc. agents and not Moneo Agency, Inc. and the Bank of New Orleans and Trust Company.
12. The Certificate of Deposit Number 53373, 53371, 53373 and 53376 represent funds that were either in a checking account styled “Moneo Agency, Inc. Agents’ Account” or in Certificates of Deposit which were pledged as investments of the agents’ account funds which were owned by the Cotton Belt Insurance Company Inc. agents.
Viewing the facts alleged in the defendant’s affidavit in the light most favorable to him it is reasonable to infer that at least a portion of the funds deposited with BNO by MONCO may have been known to be monies belonging to Cotton Belt Agents and not to MONCO. This therefore raises the issue of whether setoff against these funds was proper, which should be determined at a trial on the merits.
Accordingly, when we closely scrutinize the mover’s position and more indulgently treat the opposing papers, we conclude that [MONCO] has failed to satisfy its burden of making a showing that is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact. Vermilion, supra at 494.
See also: Whitney v. Mallet, 442 So.2d 1361 (La.App.3rd Cir.1983).
The judgment of the trial court is reversed and the case is remanded for trial on the merits.
Costs of this appeal are to be borne by appellee.
REVERSED AND REMANDED.
REDMANN, C.J., dissents with reasons.
WILLIAMS, J., dissents with reasons to be assigned.