BARRY, Judge.
Oscar and Gerson Tolmas sued Dr. Rudolph Weichert, the owner and operator of a boarding facility known as Weichert Farm, where they boarded Demon Decathlon, a mare. Their petition alleges that the mare was in the pasture and kicked by another horse. The mare and her foal in útero died.
Dr. Weichert reconvened for $7,144.46 plus interest and attorney’s fees on Tol-mas’ open account for board, feed and care. A supplemental reconventional demand decreased the claim to $6,956.00.
The trial court granted summary judgment to Dr. Weichert on the original demand and denied his motion for summary judgment on the reconventional demand.
Oscar and Gerson Tolmas argue that summary judgment based on an opinion affidavit should not have been granted.
The summary judgment motion was sup- • ported by affidavits from Dr. Weichert and his wife, Johanna, which state they own a farm for boarding and breeding horses. The Tolmases’ boarded horses between April, 1984 and August 4, 1986.
An affidavit from Dr. John F. Freestone, Assistant Professor of Equine Medicine at LSU, states that he treated Demon Decathlon during her last illness and observed the post mortem examination. He said the mare died from lymphosarcoma which invaded the abdominal and thoracic cavities. In his opinion the cancer did not result from a kick or negligent treatment.
Dr. Weichert submitted the affidavit of Dr. J. Craig Klimczak, a licensed veterinarian who treated horses at his farm from 'November, 1984 to July, 1985. Dr. Klimc-zak treated Demon Decathlon in April and • May, 1985 for reproduction. He states that he never found negligence or abuse when he examined Demon Decathlon.
Dr. Weichert submitted a statement of allegedly uncontested facts, plus the Tol-mas statement and accounts receivable ledger, a letter of formal demand, a certified mail receipt, and Dr. Freestone’s letter to Oscar Tolmas which describes the extensive invasion of tumor masses and states their cause was unknown at that time. The record also has interrogatories and answers.
Dr. Weichert denied that the horse and foal died from negligence or fault on his part. He argues it is uncontroverted that the mare died from an abdominal tumor which was not caused by trauma.
The Tolmas brothers filed their depositions and that of Dr. Weichert along with a number of veterinarian bills. Oscar Tol-mas testified that he and his brother co-owned Demon Decathlon and other horses. He testified that he first boarded Demon Decathlon at Weichert Farm on April 24, 1984. He had an agreement with Lester Pailet, the farm manager and co-owner, to separate the mare in an individual paddock. Tolmas insisted on that arrangement because the mare was shy and required special attention. The Tolmases’ interrogatory answers also note the specific instructions to Pailet.
Oscar Tolmas testified that on October 11, 1984 he removed the horse from the farm because Pailet had not kept their agreement and Demon Decathlon was in a deplorable physical condition. Tolmas claimed the mare was bitten, kicked and stomped. He said on one visit he found the mare in a pasture with a number of other horses. Pailet repeatedly solicited Tolmas’ business and on December 9, 1984 Oscar Tolmas boarded a stallion, Lympstone. In *766 April, 1985 Tolmas returned Demon Decathlon and sent another mare, Shayna Bana, to Weichert Farm to be bred with Lympstone. Pailet promised that Demon Decathlon would have a separate paddock. In April, 1986 the Tolmas brothers went to see Shayna Bana and found the horse on the ground having her foal far from the barn without supervision by Pailet.
Oscar Tolmas stated that Dr. J.D. Addison was one of the veterinarians who treated Demon Decathlon at Weichert Farm. He concluded from veterinarian charges that the mare was injured around September 30, 1985. The mare was brought to LSU on December 18, 1985. Tolmas was informed that Demon Decathlon had a tumor and should be put to sleep.
Tolmas testified that he did not pay Weichert Farm because the charges had discrepancies. He claimed insurance money would be forthcoming because of Demon Decathlon’s death. When he received a demand letter regarding his account he removed the horses.
Gerson Tolmas agreed with his brother’s statements. Gerson testified that he opposed returning their horses to Weichert Farm after seeing the condition of Demon Decathlon. He said the birth of Shayna Bana’s foal was a horrible experience. He testified that Dr. Addison treated Demon Decathlon and recommended the mare be sent to LSU. Pailet led Tolmas and his brother to believe that their claim had been filed with the insurance company and that the check for the mare’s death would be paid.
Dr. Weichert testified by deposition that Pailet never .told him that the Tolmas brothers were dissatisfied with their horses’ care. He stated that he and his wife went to the farm every other week. He disclaimed any knowledge that Demon Decathlon had been kicked while on the farm. Dr. Weichert said that Dr. Addison treated Demon Decathlon and took the mare to LSU where she was destroyed December 20, 1985.
Summary judgment is used cautiously and the procedure is not intended as a means of circumventing a trial on the merits. Bank of New Orleans and Trust Company v. Monco Agency, Inc., 457 So.2d 221 (La.App. 4th Cir.1984), writ denied 461 So.2d 318 (La.1984). It is a drastic remedy and should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Sanders v. Hercules Sheet Metal Inc., 385 So.2d 772 (La.1980); Roger v. Dufrene, 553 So.2d 1106 (La.App. 4th Cir.1989), writ denied 559 So.2d 1358 (La.1990).
The mover must affirmatively and clearly prove the absence of a genuine issue of material fact. Any doubt must be resolved against summary judgment and in favor of a full trial. Burke v. Occidental Life Insurance Company of California, 427 So.2d 1165 (La.1983); Duvalle v. Kenilworth, 396 So.2d 1268 (La.1981).
Every reasonable doubt should be resolved against the mover. Oller v. Sharp Electric Inc, 451 So.2d 1235 (La.App. 4th Cir.1984), writ denied 457 So.2d 1194 (La.1984). The mover’s pleadings, affidavits and documents must be closely scrutinized. The affidavits of the party opposing summary judgment are to be indulgently treated. Supporting and opposing affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.P. Art. 967; Barham & Churchill v. Campbell & Associates, 503 So.2d 576 (La.App. 4th Cir. 1987), writ denied 503 So.2d 1018 (La.1987).
If the moving party comes forward with facts that would resolve all genuine issues of material fact, then the burden shifts to the opposing party. Shoemann v. Turnwood Development Corporation, 421 So.2d 353 (La.App. 1st Cir.1982). The opponent may not rest on the mere allegations of his pleadings, but must set forth specific facts in affidavits or otherwise show there is a genuine issue for trial. La.C.C.P. Art. 967; Strickland v. Board of Supervisors of Louisiana State Universi *767 ty and Agricultural and Mechanical College, 432 So.2d 964 (La.App. 4th Cir.1983).
Mere formal allegations without substance will not preclude summary judgment. Cooper v. Ceco Corporation, 558 So.2d 1355 (La.App. 4th Cir.1990); City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979); Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir.1972), writ refused 261 La. 462, 259 So.2d 914 (1972).
In summary, Dr. Weichert submitted the affidavit of Dr. Freestone which states that he saw the post-mortem examination of the mare. He said Demon Decathlon died from lymphosarcoma in the abdominal and thoracic cavities. Dr. Freestone’s letter to Oscar Tolmas states there was extensive invasion of tumor masses. Dr. Weichert showed that Demon Decathlon died from cancerous tumors.
Oscar and Gerson Tolmas did not controvert that cancer was the cause of death, nor did they show any connexity between the cancer and the alleged kick. When asked whether the mare had terminal cancer Oscar Tolmas testified that the doctor told him the mare had a tumor. The testimony relating to the mare’s treatment and the alleged kick does not establish a genuine issue of fact. The Tolmases’ bare allegation that the mare was kicked and later died cannot preclude summary judgment.
We pretermit discussion of jurisprudence relating to the use of expert opinions not based on personal knowledge which is not necessary here.
The judgment is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs in the result.